VAN SYLVESTER MYERS V. STATE.

No. 26,643. November 25, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 27, 1954.

*Houston McMurry,* Henrietta, for appellant.

*Clyde Suddath,* County Attorney, Henrietta, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted for the theft of property over the value of fifty dollars and by the jury assessed a penalty of two years' confinement in the state penitentiary.

In his Informal Bill of Exception No. 1 appellant complains of the statement by the witness, James E. Williams, when asked if he knew of his own knowledge who stole the pump (the property in question) to which he replied, "Mr. Myers." He was then asked to identify him, and at that point appellant objected and saved his bill of exception thereto. It is evident that no error was shown in the effort of the witness to identify the person who was on trial.

In his Informal Bill No. 2 appellant complains of the following questions and answers:

"Q. Is that the defendant in this case? A. Yes, sir.

"Q. That is the man covered up with that baby there? A. Yes, sir."

Appellant objected to the questions and answers and the court sustained his objection. However, the state's attorney then made the following statement: "Well, he can't see him for the child in his lap." The court sustained that objection, and appellant made a motion for a mistrial at that stage of the proceedings. The court refused this motion, but instructed the county attorney not to make any reference to such matters again. The county attorney then said: "Let the record show that the de-

fendant did have a child in his arms, and it was not possible for the witness to see the defendant in order to identify him." Under the ruling of the court, we do not see any error that would call for a reversal of this cause.

In his Informal Bill No. 3 appellant complains that during the cross-examination of the state's witness he was asked as to when he purchased the pump in question, to which he replied that it was bought in October of 1952, but when asked if he were sure about that, he said, "No, 1951." Counsel for appellant then asked him if he were mistaken about that the first time, to which the witness replied, "Yes." Counsel then asked, "That shows how easily a man can be honestly mistaken, doesn't it?" Counsel for the state objected, and the court sustained the objection. We see no error reflected by such statements. It merely shows that the witness was mistaken, and the weight of such statement was a matter for the jury to determine in evaluating the testimony of the witness.

The Informal Bill No. 4 relates to the state's attempt to prove the value of the pump that was stolen herein. The testimony shows fairly well that the cost of the pump when new was $79.00; that it had been used probably eight months and was in usable and workable condition when it was stolen; that its value was proved by many witnesses to have been more than $50.00. The market price, if there be such, in the community was more than $50.00; its replacement price was more than $50.00; and its intrinsic value was more than $50.00. We think its value was properly proven by witnesses who were qualified to make such statement.

The Informal Bill No. 5 presents the following matter: The sheriff of Clay County, Mr. Nix, while on the stand, testified that he talked to the appellant a day or so before he arrested him; that appellant told him that he had stolen this pump; that "he went over to Mr. Williams' house and sawed the line in two, and picked the pump up out of the well and loaded it in his pickup and carried it to his home near Petrolia." He also said that someone stole the pump from him. On cross-examination by appellant's attorney the witness was asked the following question:

"Q. Of course, you have been after this boy for about a year now, haven't you? A. Yes, as long as he steals, I will be after him."

Appellant again requested the court to enter a mistrial and the court overruled the objection, but instructed the jury not to consider the remark of the sheriff concerning the last statement that he made concerning the defendant, and also instructed the sheriff to let his remarks be responsive to the question asked, at which time the state's attorney said, "If the Court please, I would like to call the Court's attention to the fact that it was in response." It appears that not only was the question in response but it was probably invited in an effort to show that the sheriff was after the appellant and that the witness gave his reason why he held that attitude toward the appellant.

The testimony in this case shows that appellant had admitted to four different witnesses that he had stolen this pump, namely: To Mr. Williams (the owner), to Mr. Nix, (the sheriff), to Mrs. Williams (wife of the man who lost the pump), and to Mr. Covington, (the deputy sheriff). In each instance appellant made the statement that he had stolen the pump but that someone had later stolen it from him. There is no denial of the fact that somebody stole the pump.

In his brief appellant complains that circumstantial evidence was not sufficient in this case to show who stole this pump. The corpus delicti of a criminal offense can be proven by first showing that such offense has been committed, and then that the accused himself had confessed to the commission of such offense. Such confession would take the same out of the realm of circumstantial evidence when there is direct evidence to support the conviction. It is required that circumstantial evidence be charged upon only when the state relies alone upon circumstantial evidence for a conviction. See Cassell v. State, 154 Tex. Cr. Rep. 648, 216 S.W. (2d) 813; Wilson v. State, 154 Tex. Cr. Rep. 170, 225 S.W. (2d) 173.

We are presented with a belated letter received by the appellant's attorney on November 10, 1953, just prior to the time that this matter was heard in this court. This letter is outside of the record and not a part thereof. Therefore, we will not be able to consider the same in any way in the decision of this cause.

It is our opinion that there is no error presented to us in this matter, and the judgment is therefore affirmed.