James Louis NUNLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 43819.

Court of Criminal Appeals of Texas.

June 2, 1971.

Bill Cannon, Houston, court appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Richard Hoffman, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault; the jury assessed the punishment at five years.

The indictment alleged that the appellant and Thomas Lee Mitchell, Jr., committed the robbery by assault upon Consteen Johnson on July 3, 1969. They were tried together, and both were convicted.

Consteen Johnson testified that on the day in question he was a cab driver in the city of Houston. The appellant and Mitchell entered his cab and asked to be taken to the Third Ward. When they got there, he told them the fare was $1.40. They told him they only had a dollar, so he told them to give that to him. One of them then pulled a gun and demanded his money; he gave them $36 and then they told him to "take off." After talking with police, he went looking for the culprits, found them at the "Red Lillie Cue Lounge" and called the police again.

Both the appellant and Mitchell testified that they did not rob Johnson and did not ride in his cab on the day in question. Both admitted knowing each other; but both denied knowing Johnson.

The appellant presents only one ground of error, the introduction of an extraneous offense which was elicited on the following testimony by cross-examination of Officer Wayne Hankins, who had investigated the robbery:

"Q Did you later that night apprehend this man?

"A No, sir.

"Q Do you know when he was apprehended?

"A Yes, sir. He was apprehended committing a burglary out on Scott Street."

The appellant's motion for mistrial was overruled, but the Court instructed the jury to disregard Officer Hankins' answer.

Appellant relies on the general rule that evidence of extraneous offenses is not admissible except under certain exceptions. Byrd v. State, Tex.Cr.App., 427 S.W.2d 894; Hafti v. State, Tex.Cr.App., 416 S. W.2d 824.

Even if it were not admissible, we note that:

"An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." White v. State, Tex.Cr.App., 444 S.W.2d 921.

In Moore v. State, Tex.Cr.App., 434 S. W.2d 852, this Court held that where an improper, unresponsive answer was given by a State's witness on cross-examination by the appellant's counsel, the error could be cured by the court's instructions to the jury to disregard it. See: Wortham v. State, 134 Tex.Cr.R. 626, 115 S.W.2d 650.

In Selestino v. State, 172 Tex.Cr.R. 581, 360 S.W.2d 888, on cross-examination, the appellant's counsel asked a State's witness, "* * * and how do you remember this one's name so well (referring to appellant)?" to which the witness replied, "Well, because I was told to watch him, because he—while back, he stabbed a policeman, I understand, that is the reason I watched him." In holding that an instruction to disregard cured any error, the court referred to Myers v. State, 159 Tex.Cr.R. 347, 263 S.W.2d 564, in which "the sheriff was asked on cross-examination if he had not 'been after' the accused for a year, to which he replied, 'Yes, as long as he steals, I will be after him.' We held that the answer was probably invited, and in explanation of his attitude toward accused."

Thus, it appears that the question was invited and probably responsive, and even if it were not, the instruction to disregard cured any error.

The appellant's ground of error is overruled.

There being no reversible error, the judgment is affirmed.