John Russell **FISHER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46653.

Court of Criminal Appeals of Texas.

April 18, 1973.

Rehearing Denied May 16, 1973.

Thomas J. Purdom, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and Mike Irish, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of marihuana. The jury assessed punishment at three years.

The record reflects that on May 24, 1972, Officer George Mayben of the Department of Public Safety, and Lieutenant Frank Wiley of the Lubbock Police De-

partment, accompanied by other officers, went to an apartment under the control of April Steigers to execute a search warrant issued by Justice of the Peace Charles Smith, at 9:00 p.m., on May 23, 1972.

Officer Mayben testified that they arrived at the entrance to the apartment about 1:35 a.m., and he went up to the door which was open and identified himself and the others as police officers. He then handed a copy of the search warrant to April Steigers.

There were three people in the apartment when the officers began their search. Appellant and two others arrived during the search. The three were informed by an officer that a search was in progress, and someone in the apartment yelled for the three not to come in. Appellant then fled and Lieutenant Wiley gave chase. Officer Mayben went to the apartment balcony where he was able to observe appellant running, and he saw appellant throw an object which appeared to be a plastic baggie at the base of a tree. Appellant was finally caught by Lt. Wiley and a "pat down" search produced a plastic bottle containing marihuana and pills of LSD. The object tossed away by appellant was recovered and it also contained marihuana.

In his first ground of error appellant contends that the marihuana found on his person was inadmissible because it was the fruit of an illegal search and seizure. He argues that the search warrant containing language about "person or persons unknown" did not extend to persons found at the premises.

This Court in Hernandez v. State, Tex. Cr.App., 437 S.W.2d 831, held that officers had a right to search a person not named in the warrant but found on the premises at the time of execution of the warrant. Then in Johnson v. State, Tex.Cr.App., 440 S.W.2d 308, this Court held that there was no meaningful distinction between persons found on the premises by the officers when they initiate their search and persons who entered the premises after the search has begun.

Counsel attempts to distinguish the Johnson case from the case at bar stating that in Johnson the warrant contained express authorization for search of persons found at the premises, whereas he alleges the warrant in the instant case doesn't specifically state such.

■ The warrant directed the officers to search the premises controlled by a female known only as "April" and a person or persons whose names and descriptions are unknown and to arrest and bring before the magistrate "the said white female known only as 'April' and *any person or persons unknown,* accused of possessing the said narcotic and dangerous drug." (Emphasis supplied) We hold the search under the warrant was valid.

■ Further, after appellant had entered the apartment and the officer identified himself, the officer was authorized to pursue him when he fled.

Even if it could be said that the search was not proper under the search warrant, the arrest and subsequent search were proper under Article 14.03, Vernon's Ann. C.C.P., which provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

See Williams v. State, Tex.Cr.App., 489 S. W.2d 614, and Baity v. State, Tex.Cr.App., 455 S.W.2d 305. Appellant's first ground of error is overruled.

His next two grounds of error complain of the court's failure to submit his specially requested instruction as to the probable cause necessary for a warrantless search and the court's failure to charge the jury to disregard any evidence obtained as a result of an illegal search and seizure.

Appellant argues that the evidence raises the issue of whether the officers had probable cause and says that he was entitled to an instruction under the provisions of Article 38.23, V.A.C.C.P.

■ No issue concerning the validity of the search is raised by the evidence; therefore, no instruction was required. Davis v. State, Tex.Cr.App., 474 S.W.2d 466; Corbitt v. State, Tex.Cr.App., 445 S.W.2d 184. Appellant's second and third grounds of error are overruled.

Next, appellant contends that the trial court erred in not granting his motion for mistrial. He argues that certain prejudicial remarks by Officer Mayben injected evidence of an extraneous offense.

The first complained of remark was an answer to one of defense counsel's questions on cross-examination.

"Q. (By Mr. Purdom) Okay. Did you know what John Russell Fisher looked like before then?

"A. Yes, I did.

"Q. Okay. So if he was one of the persons there then his description would have been known to you, wouldn't it?

"A. Only that I had a picture of him from previous case.

"MR. PURDOM: Your Honor, I object to that and ask for a mistrial based upon—

"THE COURT: The Court will overrule the objection. The jury will be instructed not to consider that portion of the response 'I knew him from other occasions.'"

The second complained of remark occurred on redirect examination by the prosecutor:

"Q. (Mr. Jackson) Did you see the defendant the day before?

"A. Yes, I did but I didn't recognize him; I saw him at another apartment that I had a search warrant on the same night.

"MR. PURDOM: Your Honor, I object to that in that he is entering an extraneous offense into this case; this has totally nothing to do with this case at all. He is obviously trying to get those things in as quickly as he can, it's prejudicial to the constitutional, State Constitution, Federal Constitution, State Statute, Federal Statute, and every other kind of rights that I know of, and I object to it and I ask the Court at this time for a mistrial.

"THE COURT: All right. The Court is going to sustain the objection, and instruct the jury not to consider for any purpose in determining the guilt or innocence of this defendant in this lawsuit, any other reference to any other search warrant."

■ The officer should not have volunteered the information. However, in view of the court's instruction, no reversible error is shown. See Cazares v. State, Tex. Cr.App., 488 S.W.2d 110.

Finally, appellant alleges that it was error for the court to allow into evidence the results of the analysis run on the LSD pills by the State's chemist, Jim Burris.

■ The LSD pills were found on appellant's person along with the marihuana. In fact, both were in the same container. The pills constituted part of the transaction. The pills and the result of the test were therefore admissible into evidence. See Arnott v. State, (No. 44,824, February 28, 1973).

No reversible error being shown, the judgment is affirmed.