Willis Earl **MOORE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46085.

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

Curtis Marvin Loveless, R. William Wood, Richard H. Kelsey, Denton, for appellant.

John Lawhon, Dist. Atty., Denton, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of rape. The jury assessed punishment at seventy-five years.

The sufficiency of the evidence is not challenged.

The record reflects that the prosecutrix, a graduate student at North Texas State University, was on her way to the library on the campus at night when she was attacked and forcibly raped by appellant.

Initially, appellant complains of the trial court's failure to grant his motion for continuance. His motion alleged that his court-appointed counsel was not officially and legally appointed until September 2, 1971, and that trial was begun on September 7, 1971, thereby violating the provisions of Article 26.04, Vernon's Ann.C.C.P., requiring that court-appointed counsel be given ten (10) days from time of appointment to date of trial.

While we do not depart from our earlier holdings that the provisions of Article 26.04, supra, are mandatory, see Crothers v. State, Tex.Cr.App., 480 S.W.2d 642, and cases cited therein, we find that counsel in the present case was appointed in advance of the required ten days.[1] Judge Scofield testified at the hearing on the motion for continuance that he had appointed counsel in the case prior to the date of the indictment, July 15, 1971. The record also reflects that counsel filed an application for a writ of habeas corpus on behalf of appellant on September 1, 1971.

Appellant argues that it is the formal appointment that controls and unless such is made more than ten days prior to trial then the provisions of Article 26.04, supra, are not met. We overrule, this contention.

The purpose of Article 26.04, supra, is to protect an accused's right to have adequate time to prepare for trial. The record in the instant case shows that such time was provided.

No reversible error has been shown.

Next, appellant contends that the trial court committed reversible error in allowing Sheriff Wylie Barnes to testify as to his reputation in the community after the sheriff had been present in the courtroom at various times during the trial, during the time in which the rule had been invoked.

The record shows that Sheriff Barnes only testified as to appellant's reputation in the community. His testimony was given at the punishment stage of the trial, he was not a material fact witness. Ordinarily, expert witnesses, witnesses who are attorneys in the case and those called to testify to a witness' reputation for truth and veracity, are exempt from the rule. See Article 36.04, V.A.C.C.P., and cases there cited. The enforcement of the rule is in the sound discretion of the trial court. Marshburn v. State, Tex.Cr.App., 491 S.W.2d 663 (1973), and Article 36.04, supra.

---

1. A formal appointment should be entered the date the appointment is made.

Appellant's second ground of error is overruled.

In his third ground of error appellant contends that the trial court erred in overruling his motion for mistrial. He alleges that the unresponsive answer given by Sheriff Barnes to a question propounded by his defense counsel on cross-examination was so inflammatory and prejudicial that the harm could not be cured by an instruction.

The complained of answer occurs in the following:

"Q. (Mr. Hunsaker) Have you been to Sanger, Texas, and talked to people up there?

"A. Yes, sir.

"Q. Could you give us some of their names who you talked to?

"A. Oh, I can give you Constable Bill Carter, James Pennington, who has been a law enforcement officer there.

"Q. Talk to anybody—do you know who lives next door, either side of him, any neighbors, have you talked to anybody other than police officers?

"A. Have I talked to anybody about his reputation?

"Q. Other than police officers?

"A. I have handled the man.

"MR. HUNSAKER: We will object to that answer as not being responsive.

"THE WITNESS: You wanted to know what I know.

"THE COURT: I will sustain the objection.

"MR. HUNSAKER: I will ask the Court to have the jury disregard Sheriff Barnes' last answer.

"THE COURT: The jury is instructed that they are not—they are to dis-

regard the answer, that is not responsive to the question.

"MR. HUNSAKER: We feel like the answer is inflammatory and ask the Court to grant a mis-trial at this time.

"THE COURT: I will deny the motion."

The sheriff should not have volunteered the information. However, in view of the court's instruction, no reversible error is shown. Fisher v. State, Tex.Cr.App., 493 S.W.2d 841 (1973), and Cazares v. State, Tex.Cr.App., 488 S.W.2d 110. Further, the fact that appellant had been on probation for a previous conviction in the same court was properly admitted at the punishment stage of the trial which in effect did show that the sheriff had previously handled the appellant.

In his final ground of error appellant contends that the trial court erred in permitting the State to recall two witnesses after the State had rested its case in chief at the punishment stage of the trial. The record reflects that the State closed subject to a motion it had with regard to one of appellant's witnesses. Further, the record also shows that defense counsel closed subject to the same motion and that apparently both counsel asked to reopen for certain points. Article 36.02, V.A.C.C.P., provides:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

See Green v. State, Tex.Cr.App., 491 S.W.2d 882 (1973), and Boatright v. State, Tex.Cr.App., 472 S.W.2d 765. No abuse of discretion has been shown. Appellant's final ground of error is overruled.

No reversible error being shown, the judgment is affirmed.