**Glen Edward ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46378.**

Court of Criminal Appeals of Texas.

June 20, 1973.

Rehearing Denied July 11, 1973.

David R. Siversten, Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, life.

■ Appellant's first ground of error relates to a variance between the indictment and the proof. In the indictment, the deceased's name appears as Agular. The proof showed it to be Aguilar. Appellant contends this constitutes a fatal variance.

The question of a variance is raised for the first time on appeal. We have concluded that appellant could not have been misled by the spelling. We find the names to be idem sonans. Christopher v. State, Tex.Cr.App., 479 S.W.2d 281; Raseley v. State, Tex.Cr.App., 470 S.W.2d 899; Smith v. State, Tex.Cr.App., 468 S.W.2d 824.

■ Appellant's second ground of error relates to final argument. He contends the prosecutor personally endorsed the officers who took a written statement from appellant by referring to the fact that they "put their very lives on the line each day . . . (B)oth of them were shot by sniper some 3 weeks ago." Appellant remonstrated at the time the remarks were made by saying "There's no evidence in this case . . ." The court responded and admonished the prosecutor to "Stay in the record". When the court ruled favorably, appellant failed to request further relief. "[He] did not pursue the matter until he received an adverse ruling from the court, which was the requisite in order to preserve reversible error." Burks v. State, Tex.Cr.App., 432 S.W.2d 925. Appellant was apparently satisfied with the court's admonition since he requested no further relief. Baker v. State, Tex.Cr.App., 368 S.W.2d 627.

■ Thereafter, during the argument the prosecutor without objection again referred to "the various risks they [the officers] put their lives through every day . . ." In Cobb v. State, 386 S.W.2d 811, this Court held that where the prosecutor made the same statements, or those of like effect, without objection, elsewhere in the argument, that error was not reflected by the argument to which an objection was made.

Finding no reversible error, the judgment is affirmed.