James Carroll **PEARSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47419.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, twenty-five (25) years.

The first ground of error challenges the identification of appellant by the injured party. Mrs. Alamguer testified in the absence of the jury that while at the washateria, on Singleton Boulevard appellant approached her and told her that he was the new man in charge of the machines, asked for the use of her pen and asked her how to spell "order" and thereupon printed "out of order" signs which he attached to the machines other than the one she was using. She stated that this procedure took some ten minutes and that after that appellant by threatening her with a knife took $6.00 from her purse and left the washateria, but that within moments he was captured by the police and returned to where she was waiting and she there saw and identified appellant who was seated in the rear seat of the police car. She stated that some hours later she was shown pictures including one of appellant at the police station, but that at no time did anyone suggest that he was the one who had robbed her.

Appellant testified at such hearing that the police accosted him near the washateria and told him they wanted him to accompany them to the washateria for a woman to view. He stated that when they arrived Mrs. Alamguer at first said he was not the robber, but that later after she talked privately to the police she identified him.

■ At the conclusion of the hearing the court filed his written "Finding of Fact and Conclusions of Law" to the effect that the injured party's identification of appellant was not influenced by her seeing him in the police automobile or by seeing pictures of him. This was the proper procedure. Piper v. State, Tex.Cr.App., 484 S.W.2d 776, Turner v. State, Tex.Cr. App., 486 S.W.2d 797, and Ellingsworth v. State, Tex.Cr.App., 487 S.W.2d 108.

Ground of error number two complains of an unresponsive answer. Officer Nolan testified that he apprehended appellant near the washateria and that while approaching him he noticed appellant throw something behind him. He stated that "I asked him if that was a knife that he had thrown behind him" and appellant said "what knife" and that he said "I'm talking about the knife that you pulled on a man up in Singleton." The jury was retired and a motion for mistrial was made. Upon the return of the jury they were instructed to disregard the last question and answer. The officer then testified that appellant had shown him where he had thrown a knife and that he found it in the bar ditch still open, and then carried appellant and the knife back on Singleton Boulevard and turned him over to another officer.

■ We observe that the only indication that the unresponsive answer referred to an offense other than the instant case, if it did, is the use of the word "man" instead of woman. In fact appellant had just robbed a woman on Singleton by using a knife.

Recently in Hunter v. State, Tex.Cr. App., 481 S.W.2d 806, McGee v. State, Tex.Cr.App., 486 S.W.2d 942, Fisher v. State, Tex.Cr.App., 493 S.W.2d 841, and Moore v. State, 493 S.W.2d 844, we have had occasion to pass on unresponsive answers and have held that the Court's instruction to disregard has effectively cured the error.

We so hold here and affirm the conviction.