Charles Elton BOYKIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 47349.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

---

Ronald L. Goranson, Dallas (Court appointed on appeal only), for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from a conviction of robbery. The punishment assessed by the jury is 35 years.[1]

The manager and two employees of a grocery store in Dallas identified appellant and one other man as entering the store on November 20, 1970, at 9:00 o'clock P.M., as the store was being closed for the night, and, by using a sawed-off shotgun and a pistol, robbing the manager of approximately $1600.00 in money and an aluminum pan. The sufficiency of the evidence is not questioned.

Appellant initially argues that the trial court erred in allowing the State to place in evidence certain items seized in an allegedly unlawful search of appellant's apartment. The items in evidence of which appellant complains are Exhibit 1, a sawed-off shotgun; Exhibit 2—an aluminum pan; Exhibit 3, a ski mask; Exhibit 4, a .38 pistol; Exhibits 6 and 7, shotgun shells.

After the selection of the jury but prior to the introduction of testimony, a hearing was had in the absence of the jury on appellant's motion to suppress evidence seized at the time of appellant's arrest at his apartment without a warrant about 45 minutes after the robbery.

At this hearing, Police Officer Alford testified that shortly after 9:00 P.M. on November 20 he received a radio broadcast giving the license number and description of an automobile used by a number of suspects to flee from an armed robbery. A few minutes later, he learned by another police broadcast that the car was registered to a man named Boykin residing at 4405 Swiss Avenue. The officer went to that address, arriving at 10:00 P.M., saw the described automobile, touched it and found the hood to be warm. After other officers had arrived, Alford and one or two other

---

1. See Boykin v. State, Tex.Cr.App., 487 S.W.2d 128.

officers went to the front door, and knocked twice. A woman opened the door, saw the police, and screamed, "Officer, I didn't have anything to do with it. Honey, why did you do it? Why did you do it?" The witness did not think that the officers had time to get a search warrant, since all of the events happened within 45 minutes after the robbery. He went in and found appellant hiding in the bathroom. He arrested and handcuffed appellant. In the bedroom, he found $1300.00 in money and an aluminum pan, later shown to have been taken by the robbers. This witness did not testify as to the seizure of the other articles of which appellant complains. At the end of his testimony, the court denied the motion to suppress the testimony as to the articles testified about by Officer Alford and stated to appellant's counsel: "However, all items were not identified and the court will take the other portion of the motion under advisement until further evidence may be developed, if it is developed, at which time I will allow you to renew your motion as to the remainder of the items."

It is not necessary that we pass on the complaint that the seizure of these articles without a search warrant violated appellant's constitutional rights.

At the trial before the jury, when the sawed-off shotgun, State's Exhibit No. 1 was offered in evidence by the State, appellant's counsel stated: "No objection, your honor." The same statement was made when the aluminum pan, the ski mask and the shotgun shells were offered and placed in evidence.

■ If it could be conceded that the overruling of appellant's motion to suppress under the circumstances here presented preserved any error without the

necessity of renewing his objections in the presence of the jury,[2] the appellant expressly and affirmatively waived any such objections when the shotgun, the aluminum pan, the ski mask and the shotgun shells were offered in evidence. Wyatt v. State, 162 Tex.Cr.R. 134, 282 S.W.2d 392; Love v. State, Tex.Cr.App., 373 S.W.2d 242; Watson v. State, 172 Tex.Cr.App. 274, 355 S.W.2d 533. No error is shown.

When the pistol was offered, the only objection was: "They are trying to make it seem like this man was something that he isn't, or wasn't."[3] The action of the court in overruling this general objection is not assigned as error by appellant.

■ At any rate, in view of the admission in evidence without objection of the sawed-off shotgun and the other items as stated above, and the finding of the money in appellant's apartment when he was present within 45 minutes of the robbery, and the other evidence in the record, the introduction of the pistol was, if error, harmless.

Appellant's first ground of error is overruled.

■ In his second ground, appellant complains that the trial court erred in not declaring a mistrial when an extraneous offense was admitted over objection at the punishment phase. After State's character witness Sherrod had testified that appellant's general reputation as a law-abiding citizen was bad, the following occurred on direct examination:

"Q And when did you first get to know him?

"A I was robbed by him.

"MR. WHITE: Objection Your Honor.

---

2. See Art. 40.09, Sec. 6(d)(3), Vernon's Ann. C.C.P., Powers v. State, Tex.Cr.App., 456 S.W.2d 97.

3. It is to be noted that the pistol was one of the items included in the statement of the

court at the end of the hearing previously noted, that he would take under advisement until further evidence was offered, at which time the objection could be renewed.

"Q (By Mr. Stephens) All right. I will ask you just when it was that your first—what the date was, if you recall or about what month it was?

"A I believe it was the 4th of February."

The court instructed the jury to disregard the non-responsive answer, but denied a motion for mistrial. The witness should *not have volunteered the statement of the previous robbery.* However, in view of the court's instruction, no reversible error is shown. Fisher v. State, Tex.Cr.App., 493 S.W.2d 841; Cazares v. State, Tex. Cr.App., 488 S.W.2d 110.

Appellant's third ground of error reads:

"The trial court erred in not allowing the appellant to limit his testimony at the punishment hearing so as to exclude any cross-examination on the extraneous offenses."

■ Appellant had filed a motion for probation in the event of a guilty verdict. At the punishment stage, appellant asked that he be permitted to take the stand and testify that he had never been convicted of a felony and that he had not received probation or a suspended sentence. He asked for a ruling of the court that he be allowed to answer those two questions, plead the Fifth Amendment to any cross-examination, and "step down" from the witness stand without being subjected to cross-examination. The court ruled that if the ap*pellant testified, it would be for all purposes,* and that he would be subject to proper cross-examination. Appellant then offered to verify his application, and have it presented to the jury without testimony. This was denied by the court. Counsel then requested the court to have the State verify appellant's "rap" sheet, and present that to the jury. This, also, was denied. Appellant did not testify.

The trial court could not be called upon to make an advance ruling of the admission of evidence as he was requested to do in this case. See Gillon v. State, Tex.Cr. App., 491 S.W.2d 893; Franklin v. State, Tex.Cr.App., 488 S.W.2d 826.

The court properly denied appellant's request, and the ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.