Clifton ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48384.

Court of Criminal Appeals of Texas.

July 2, 1974.

Rehearing Denied Sept. 24, 1974.

---

William F. Alexander, Kerry P. Fitzgerald, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., William L. Hubbard, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder without malice. Punishment was assessed by the jury at five years.

At the outset appellant contends that the court erred in refusing to grant appellant's motion for mistrial during the punishment stage of the trial when an experienced police officer gave an unresponsive answer on cross-examination which indicated to the jury that appellant was involved in the commission of other extraneous offenses.

The record reflects Sergeant Chartier of the Dallas Police Department testified on direct examination that he knew the reputation of appellant for being a peaceful and law-abiding citizen and that it was bad. On cross-examination, the following occurred:

"Q. [Appellant's Counsel] With whom have you discussed his reputation?

"A. With victims of robberies, with people who have bought narcotics.

"MR. ALEXANDER [Appellant's Counsel]: Now, Judge, we are going to object to this. The answer is unresponsive. We ask for a mistrial.

"THE COURT: I'm going to sustain your objection. I instruct the jury to disregard it, and overrule your motion for mistrial."

Appellant contends the question asked Officer Chartier clearly called for the names of those with whom appellant's reputation had been discussed. He urges that the officer's answer is unresponsive and harmful because the reply was evidence of extraneous offenses by appellant. The severity of the harm is said to be shown by the jury's imposition of the maximum sentence on one who was proved eligible for probation.

This Court has stated that any error in the admission of improper testimony is cured by the trial court's withdrawal of the evidence and its instruction to the jury to disregard "except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." Bolden v. State, Tex.Cr.App., 504 S.W.2d 418; Hopkins v. State, Tex.Cr.App., 480 S.W.2d 212; Nunley v. State, Tex.Cr.App., 467 S.W.2d 452; White v. State, Tex.Cr.App., 444 S.W.2d 921. Improper implications of unresponsive answers can be cured in general by instructions to the jury to disregard the evidence. Viges v. State, Tex.Cr.App., 508 S.W.2d 76; Bermudez v. State, Tex.Cr.App., 504 S.W.2d 868. Numerous decisions have held that allegedly unresponsive testimony referring to or implying extraneous offenses by the defendant was rendered harmless by the trial court's instruction to disregard. Tristan v. State, Tex.Cr.App., 510 S.W.2d 329 (1974); Chatman v. State, Tex.Cr.App., 509 S.W.2d 868 (1974); Melton v. State, Tex.Cr.App., 508 S.W.2d 104; Cur-

lin v. State, Tex.Cr.App., 505 S.W.2d 889; Boykin v. State, Tex.Cr.App., 504 S.W.2d 855; Pearson v. State, Tex.Cr.App., 500 S.W.2d 829; Fisher v. State, Tex.Cr.App., 493 S.W.2d 841; Moore v. State, Tex.Cr. App., 493 S.W.2d 844; Haggerty v. State, Tex.Cr.App., 491 S.W.2d 916; Thompson v. State, Tex.Cr.App., 486 S.W.2d 343; Nunley v. State, supra.

In *Curlin* appellant's counsel learned on cross-examination that the officer-witness had talked with Leroy Curlin, the defendant's cousin. On redirect the prosecutor inquired, "Leroy Curlin, who is he?" The witness' response was, "He is a blitz bandit." This Court rejected the claim that the interjection of evidence of an extraneous offense was not rendered harmless by the trial court's sustaining the defendant's objection and instructing the jury to disregard.

On direct examination of the State's reputation witness in *Boykin* the question, "And when did you first get to know him?" was followed by the response, "I was robbed by him." This Court ruled that no reversible error was shown when the defendant's objection to the evidence was sustained and the jury instructed to disregard it.

The officer-witness testifying in *Nunley* was cross-examined by the defendant's counsel.

"Q. Do you know when he was apprehended?

"A. Yes, sir. He was apprehended committing a burglary out on Scott Street."

Saying the complained of remark was probably invited and, therefore, responsive, this Court held that, even if the testimony were unresponsive, any error was cured by the trial court's instructions.

■ While it can be argued that the testimony in the instant case was responsive,[1]

such an argument is not overly persuasive when the witness is a police sergeant with eleven years' experience. Nonetheless, the remarks cannot be said to be more damaging than those ruled curable in *Curlin, Boykin,* and *Nunley.* In view of the trial court's prompt sustaining of counsel's objection and instruction to the jury, we find no reversible error.

■ Appellant contends a reversal of the cause is required because of the prosecutor's argument at the punishment stage of the trial.

Appellant complains of the following argument:

"(by Prosecuting Counsel) Have you noticed in this trial that the closer we get to the truth, the louder Bill Alexander yells, and I think you and I know you still don't know everything about Clifton Allen.

"MR. ALEXANDER (Defense Counsel): Now, we object to that, Your Honor, and ask the jury be instructed to disregard it.

"THE COURT: I will sustain the objection. Disregard it, Ladies and Gentlemen.

"MR. LOVING (Prosecuting Counsel): Well, let me say this, Folks: He talked about the character witnesses we brought to you and he told you they tell you what his reputation is and they base that on such and such. Now, did they tell you they base it on such and such? Was Bill Alexander not free to ask them the details? Did he want to know the details?"

Appellant received the relief he sought to the first portion of the complained of argument. Error, if any, was waived. Stiggers v. State, Tex.Cr.App., 506 S.W.2d 609; Satterwhite v. State, Tex.Cr.App., 499 S.W.2d 314; Ross v. State, Tex.Cr. App., 496 S.W.2d 78.

1. See Tristan v. State, supra; Cooper v. State, Tex.Cr.App., 509 S.W.2d 565 (1974); Nunley v. State, supra.

The second portion of the argument to which appellant's objection was overruled was invited[2] by the following argument of appellant:

> "You have seen the poisoned malice of persecution dripping into this case. I submit to you their officers lied. They didn't even know the Defendant and he had to be pointed out to them. They rigged, I tell you, three officers to testify to this man's bad reputation."

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

When a sergeant in a police department with eleven years' experience is asked a question, his answers should be responsive. In this case the officer had testified that appellant had a bad reputation. Counsel for appellant sought to learn the names of the people whom the officer had talked to before forming that opinion. The officer answered: "With victims of robberies, with people who have bought narcotics."[1]

This answer was not responsive to the question. The question neither called for the officer to give a class or classes of people nor did it justify the implication that appellant had committed extraneous offenses or injured some of these people prior to this.[2] Before this there was no such implication before the jury.

Appellant had been found guilty of murder without malice. The only question left was the matter of punishment. The appellant was seeking probation. No prior convictions were shown. He was eligible for probation. The unresponsive volunteered answer of the officer was an apparent attempt to get in an unauthorized blow for additional punishment based on something not in evidence. By implication the officer apparently got before the jury that appellant was a robber and seller of narcotics, extraneous offenses which were not in evidence.

Under the facts of this case, it appears that the instruction by the trial court for the jury not to consider the answer could have had little or no effect and could not remove the prejudicial effect.

The judgment should be reversed.

ROBERTS, J., joins in this dissent.

---

2. See Gleffe v. State, Tex.Cr.App., 509 S.W.2d 323 (1974); Stokes v. State, Tex.Cr.App., 506 S.W.2d 860; Sifford v. State, Tex.Cr. App., 505 S.W.2d 866.

1. After the objection set out in the opinion by the majority another objection was made. The court then instructed the jury not to consider the answer. Counsel made a motion for mistrial ". . . for the reason that the instruction to the jury to disregard that

would not suffice to remove the harm that has been done this defendant." It was overruled.

2. Another officer testified that appellant had a bad reputation. He was asked, "With whom have you discussed defendant's reputation?" He answered, "Okay, I have discussed it with Billy Ray Smalley . . . and Curtis Edwards." His answer was responsive to the question.