Felix HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 50603.

Court of Criminal Appeals of Texas.

Dec. 10, 1975.

---

Tom R. Scott, Midland, for appellant.

James A. Mashburn, Dist. Atty., Jack K. Wall, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for unlawful delivery of a controlled substance, to-wit: heroin. After finding appellant had been twice previously convicted of felonies, his punishment was assessed at life. Sec. 12.42(d), V.T.C.A., Penal Code. The offense was committed on February 19, 1974 and the trial commenced on October 15, 1974.

The evidence showed that undercover narcotics agent Gerald Howard, a veteran of ten years' law enforcement experience, and Elmer Don Culp, a confidential informant, went to appellant's house on North Baird Street in Midland on the date of the offense. The appellant came out to the car, answered a request from the informant by offering to sell the pair some heroin, and did exchange four shot papers of heroin for two ten dollar bills with the agent. Pat Donley, a chemist for the Texas Department of Public Safety, testified that he ran a series of seven tests on the substance sold to Howard and concluded that it was heroin.

■■ In his first ground of error, appellant complains of a comment made by the trial judge at approximately 4:45 p. m., immediately following the verdict of guilty and just prior to commencement of the punishment phase of the trial. After assuring the jury that the punishment stage would be much shorter than the guilt-innocence stage, the judge said, "And, probably, you will be home for six o'clock dinner." Appellant's objection was sustained and the jury instructed to disregard the judge's remark. Thus error, if any, was cured. *Lee v. State,* 454 S.W.2d 207 (Tex.Cr.App.1970); *Lewis v. State,* 503 S.W.2d 806 (Tex.Cr.App. 1974). Moreover, in order to constitute re-

versible error, a comment by the trial judge must be reasonably calculated to benefit the State or injure the defendant. *Ables v. State,* 519 S.W.2d 464 (Tex.Cr.App.1975). The comment of the trial judge in this case was apparently inadvertent; it was not a product of a dispute with counsel or otherwise designed to prejudice the appellant. Compare *Hernandez v. State,* 507 S.W.2d 209 (Tex.Cr.App.1974) in which the judge's heated remark, "You can try that on appeal," was held to have been cured by the court's instruction. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant complains of the alleged admission of an extraneous offense. On cross-examination of the State's main witness, Howard, during the guilt-innocence stage of the trial, the witness was asked, ". . . when was this arrest made?" Howard replied that appellant "was already in the County Jail when we did arrest the defendant." Appellant's objection was sustained and the jury instructed to disregard the witness's answer. Though not as obviously prejudicial, Howard's answer to the question was similar to the testimony characterized as unresponsive in *Allen v. State,* 513 S.W.2d 556 (Tex.Cr.App.1974), where an eleven year police veteran testified on cross-examination as follows:

"Q [Appellant's Counsel] With whom have you discussed his reputation?

"A With victims of robberies, with people who have bought narcotics."

But, in *Nunley v. State,* 467 S.W.2d 452 (Tex.Cr.App.1971), a similar answer from a veteran of four years' law enforcement experience was held not to have been unresponsive. The officer was asked on cross-examination during the guilt-innocence state:

"Q Did you later that night apprehend this man?

"A No, sir.

"Q Do you know when he was apprehended?

"A Yes, sir. He was apprehended committing a burglary out on Scott Street."

As in the instant case, the question in *Nunley* asked for the *time* of defendant's arrest, but the answer given there was much more damaging than the statement that appellant was in jail at the time of his arrest. Nevertheless, this Court held that the answer in *Nunley* was probably responsive. In both *Allen,* supra, and *Nunley,* supra, as well as in *Curlin v. State,* 505 S.W.2d 889 (Tex.Cr.App.1974) and *Boykin v. State,* 504 S.W.2d 855 (Tex.Cr.App.1974), the effects of arguably unresponsive answers were held to have been cured by the trial court's prompt instructions to disregard the remarks. So in the case at bar, the instruction to disregard was sufficient under the holdings of this Court to cure any error.

■ Appellant next attacks the sufficiency of the evidence that the substance sold was heroin, contending that the testimony of the chemist Donley should have been stricken, since it was based on readings from instruments whose accuracy was not satisfactorily established. Specifically, appellant complains that the machines were calibrated against the "spectra available in the literature" and against samples of supposedly pure chemicals sent from Austin, and that this does not constitute a sufficient showing of accuracy. A similar contention was rejected by this Court in *Bridges v. State,* 471 S.W.2d 827 (Tex.Cr.App.1971) in which the chemist compared the spectra from the substance sold by the defendant to spectra from a reference sample of L.S.D. and to the spectra given by different sources in the literature. We perceive no difference between comparisons among the spectra from the suspect drug, reference samples and "the literature," and analysis of the suspect drug on instruments calibrated from the spectra obtained from reference samples and the literature. We therefore hold that ultra-violet and infrared spectrographic analysis of suspected contraband can be done on the basis of compari-

sons with spectrographic data available in the appropriate literature and the spectra obtained from known reference samples of the drug.

■ As in *Bridges,* supra, there was no question in this case about the witness's qualifications as an expert. His conclusion that the substance was heroin therefore had probative value and was sufficient to support appellant's conviction. See also *Valdez v. State,* 135 Tex.Cr.R. 201, 117 S.W.2d 459 (1938). The cases of *Hill v. State,* 158 Tex. Cr.R. 313, 256 S.W.2d 93 (1953); *Palafox v. State,* 509 S.W.2d 846 (Tex.Cr.App.1974); *Reyna v. State,* 508 S.W.2d 632 (Tex.Cr. App.1974), and *French v. State,* 484 S.W.2d 716 (Tex.Cr.App.1972), cited by appellant, all involved peculiarities in the administration of breathalyzer tests and are distinguishable on that ground.

■■ Appellant also complains that the delay between the commission of the alleged offense on February 19, 1974 and appellant's arrest on the charge May 3, 1974 deprived him of his Sixth Amendment right to a speedy trial. The Sixth Amendment right to a speedy trial does not attach until the putative defendant becomes the accused. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455 (1971); *Luna v. State,* 493 S.W.2d 854 (Tex.Cr.App.1973). While a lengthy pre-arrest delay could amount to a denial of due process in some circumstances, it does not outweigh the need to protect the anonymity of the undercover agent in this case. *Luna v. State,* supra; *Baldwin v. State,* 490 S.W.2d 583 (Tex.Cr.App.1973).

■ Appellant makes the claim that the trial court should have appointed counsel to investigate the alleged denial of his right to appeal in one of the prior convictions used to enhance appellant's present sentence. The State replies that appellant's court-appointed trial attorney had this obligation, and, alternatively, that the validity of one of appellant's prior convictions is a proper subject for post-conviction collateral attack. We overrule appellant's specific contention herein because there is no federal statutory or constitutional right to appointment of counsel for the prosecution of habeas corpus attacks, *Juelich v. United States,* 342 F.2d 29 (5th Cir. 1965); *United States ex rel. Coleman v. Denno,* 313 F.2d 457 (2nd Cir. 1963), cert. den., 373 U.S. 919, 83 S.Ct. 1310, 10 L.Ed.2d 418 (1963), unless it is required by due process. *Dillon v. United States,* 307 F.2d 445 (9th Cir. 1962). While due process may require appointment of counsel for state hearings under Art. 11.07, V.A.C. C.P., certainly no such right attaches for the investigation of possible habeas corpus attacks. See, generally, Einsohn, Ira D., Judicial Efficiency and Post Conviction Relief: A Proposal for Texas, 24 S.W.L.J. 661, 662–668 (1970).

■ Investigation of the validity of one of appellant's prior convictions used for enhancement was a defensive matter and therefore properly the concern of court-appointed trial counsel. It is also properly the subject of post-conviction attack. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).[1] No error is shown.

■ In his sixth ground of error, appellant combines several attacks against the enhancement aspects of both the indictment and the court's charge. Essentially, he complains that the indictment failed to allege the dates of commission of the prior offenses; the dates the convictions became final; the fact that the second prior offense was committed after the first prior offense had become final; and corresponding deficiencies in the charge.[2]

1. We must take issue with the State's assertions that no collateral attack is permitted after a defendant's release from custody, see *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), and its assertion that release from illegal restraint is the only remedy obtainable in a habeas corpus attack. *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

2. The authorities relevant to this ground of error are all cases under Art. 63 of our old Penal Code. No reason is perceived, how-

**568**

The convictions used for enhancement were described in the indictment in the following language:

". . . and said conviction was a final conviction and was a conviction for an offense committed by him, the said defendant, prior to the commission of the offense hereinbefore charged against him, as set forth in the [preceding] paragraph hereof. . . ."

It is not necessary to allege the dates of commission of the prior offenses used for enhancement. *Loud v. State,* 499 S.W.2d 295 (Tex.Cr.App.1973). Nor is it necessary to allege the dates on which the convictions therefor become final, as long as the allegations are specific enough to apprise the defendant of the conviction being used against him and as long as the proof at the trial shows the necessary succession of offenses and final convictions. *Burton v. State,* 493 S.W.2d 837 (Tex.Cr.App.1973); *Kessler v. State,* 514 S.W.2d 260 (Tex.Cr. App.1974).[3] And the allegations that each offense was committed after a final conviction in the preceding case is sufficient for an enhancement indictment. *Robinson v. State,* 163 Tex.Cr.R. 499, 293 S.W.2d 781 (1956); Branch's Ann.P.C., 3rd Ed., Sec. 12.-42, p. 598 (1974). The court's charge, based as it was on the indictment, was likewise sufficient. No error is shown.

 Appellant lastly complains of a variance between the allegations of a sale of two (2) dosage units of heroin by appellant to Howard contained in the complaint sworn out to obtain an arrest warrant for appellant and the proof at trial of the sale of four (4) dosage units by appellant to Howard. Appellant has no authority for the proposition that this variance is fatal, but it is presented in light of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Apparently, appellant sold heroin to Howard on two occasions on February 19, 1974. He was arrested on the basis of one such sale, but the State elected to prosecute for the other. Appellant had ample warning of which sale he would be required to defend against and no reason is known why the State could not choose to prosecute on only one of the alleged sales. There is no fatal variance.

The judgment is affirmed.

---

ever, why they should not apply to sec. 12.42(d) of the new Penal Code. Cf. *Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr.App., delivered November 12, 1975).

**3.** In fact, *Burton* contained a statement that the date of sentence was the proper date to allege, and a recommendation that the date of conviction also be alleged. *Capuchino v. State,* 389 S.W.2d 296 (Tex.Cr.App.1965). The indictment in the instant case alleged the dates of the sentences in the prior convictions.