Arnoldo Ricardo **MUNOZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. C14–89–495–CR, A14–89–688–CR, B14–89–689–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 3, 1991.

Renato Santos, Jr., Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## MAJORITY OPINION

PAUL PRESSLER, Justice.

Appellant was charged with the felony offense of aggravated sexual assault in two separate indictments, TEX.PENAL CODE ANN. § 22.021, and charged with the felony offense of attempted sexual assault in a third indictment. TEX.PENAL CODE ANN. § 22.011. The three cases were consolidated for trial. Appellant pled not guilty to the charges. A jury found appellant guilty on all three charges. The jury assessed punishment at life imprisonment in the Texas Department of Criminal Justice and a $10,000 fine for the two charges of aggravated sexual assault. The jury also assessed punishment at ten years confinement at the Texas Department of Criminal Justice and a fine of $5,000 for the attempted sexual assault. We affirm.

◼ In his first point of error, appellant argues that the trial court erred in overruling the appellant's objection to the prosecutor's closing argument. It called for the jury "to consider the existence of the other victims" of the appellant. During the punishment stage of the appellant's trial, the state offered five witnesses to testify to their opinions that the appellant was not a peaceful and law-abiding person. Each witness based her opinion on a single encounter with the appellant on a jogging trail. Appellant claims that asking the jury to send a message to the five witnesses called by the state was not a legitimate plea for law enforcement but a thinly disguised plea for the jury to punish the appellant for extraneous offenses committed against these witnesses.

◼ A prosecutor is strictly prohibited from making reference to extraneous offenses for which the accused is not currently on trial. *Melton v. State,* 713 S.W.2d 107 (Tex.Crim.App.1986). The four categories of permissible prosecutorial jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State,* 692 S.W.2d 497, 502 (Tex. Crim.App.1985). It is a proper plea for law enforcement to ask a jury to consider the impact of its verdict on a particular segment of the community. *Borjan v. State,* 787 S.W.2d 53, 56 (Tex.Crim.App.1990); *see also Motley v. State,* 773 S.W.2d 283, 293 (Tex.Crim.App.1989). Here, the prosecutor asked the jury to send a message to women who have "met the appellant on the jogging trail," and to "everyone of us who would like to use that jogging trail," and "to the police officers who tried so desperately to catch [the appellant]." The prosecutor made a legitimate plea for law en-

forcement asking the jury to send a message with their verdict to a particular segment of the community; that is, women who have met the appellant, women who use the jogging trail, and the police who apprehended the appellant. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the trial court erred in overruling the appellant's motion for mistrial after the state introduced evidence of an extraneous offense. Appellant's argument is without merit. The prosecutor asked a witness if she did anything to the appellant and, in an unresponsive answer, the witness volunteered that after he "attacked" her she "hit him." Appellant relies upon *Murphy v. State*, 777 S.W.2d 44, 64 (Tex.Crim.App.1989), for the proposition that an unadjudicated extraneous offense is inadmissible at the punishment stage of trial unless the accused "opens the door." Appellant's reliance on this case is misplaced. The trial court sustained appellant's objection to the witness's unresponsive answer and instructed the jury to disregard this testimony. Any harm caused by an extraneous offense mentioned in an unresponsive answer is cured by an instruction to disregard. *American Plant Food Corp. v. State*, 587 S.W.2d 679, 683–84 (Tex.Crim.App.1979); *Allen v. State*, 513 S.W.2d 556, 557 (Tex.Crim.App.1974). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent.

Appellant was charged in three separate indictments with two offenses of aggravated sexual assault and one offense of attempted sexual assault. The three causes were tried together. The jury rejected his pleas of not guilty and found him guilty in all three causes. Appellant received the maximum punishment in each case. The jury assessed punishment at life imprisonment and $10,000 fine in each of the two charges of aggravated sexual assault and ten years confinement and a fine of $5,000 for the attempted sexual assault. I would reverse appellant's conviction and remand for a new trial as to punishment only.

Appellant was characterized by the State as a serial rapist. He was tried on three sexual assault cases on three women. The three women complainants named in the three indictments were Mary Allison Dickson, Catherine Iturralde and Cathy Caballero. They all testified appellant assaulted them on jogging trails on Buffalo Bayou and White Oak Bayou. The dates of the offenses were August 2, 1988, August 27, 1988 and September 19, 1988. After the jury found appellant guilty the State put on five women witnesses at the punishment phase of the trial to give their opinion on whether appellant was a peaceful and law-abiding person.

The first opinion witness Cynthia Baumann testified that she only met appellant one time, this being on September 6, 1987 at 2:00 p.m. on the jogging trail at Buffalo Bayou. She was asked, based on that encounter with appellant, whether she had an opinion as to whether he is a peaceful and law-abiding person. She stated that she did have an opinion and the opinion was that appellant was not a peaceful man nor was he law-abiding.

The second witness was Nancy Shilder who testified she met appellant on October 1, 1987 at 11:15 a.m. on the jogging trail along Buffalo Bayou in downtown Houston. She testified that she had seen him on the same jogging trail a couple of times before that date. She was asked, based on your encounter on October 1, 1987 at 11:15 a.m. whether she had an opinion as to whether appellant is a peaceful and law-abiding person. She stated he is not a peaceful and law-abiding person.

Lindsay Wilson was the third opinion witness. She testified that she met appellant one time on July 22, 1988 around 9:15 a.m. at the jogging trail along Buffalo Bayou in downtown Houston. She also was asked; based on that encounter with appellant, whether she had an opinion as to whether

appellant is a peaceful and law-abiding person. She stated that he was not a peaceful and law-abiding person.

Mary Crombie was the fourth opinion witness called by the State. She testified that she met appellant one time and that was on August 18, 1988 at 10:30 a.m. along White Oak Bayou near downtown Houston. She was asked the same question and her answer was, "certainly not."

Kathleen Phillips was the fifth witness called by the State. She testified that she met appellant only once and that was on September 29, 1988 around 6:45 a.m. along the Buffalo Bayou jogging trail near downtown Houston. The State then asked, "Did you do anything to this man?" Her answer was, "Well, after he attacked me I hit him." There was an objection and the Court sustained it and instructed the jury to disregard the answer. The court overruled a motion for a mistrial. She then testified that she hit appellant in the face with a Walkman radio which she had. She was not asked the opinion question the other four women were asked.

In his second point of error appellant asserts the trial court erred in overruling his Motion for Mistrial after the State introduced evidence of an extraneous offense. Appellant complains about the testimony of Kathleen Phillips wherein she stated that after appellant attacked her, she hit him.

TEX.CODE CRIM.PROC.ANN. art. 37.07 (Vernon Supp.1989) provides, in pertinent part:

Sec. 3(a). Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

The Court of Criminal Appeals recently reaffirmed its prior holding that Article 37.07, § 3(a) precludes the admission of unadjudicated extraneous offenses, to show character or anything else at the punishment phase of a trial in *Murphy v. State*, 777 S.W.2d 44, 64 (Tex.Crim.App. 1989) (opinion on rehearing). Kathleen Phillips did not testify as to appellant's prior criminal record, his general reputation, or his character. Instead, she was called as a witness for the specific purpose of showing that appellant attacked her while on the same jogging trail where the two complainants were attacked in this case in violation of article 37.07.

The trial court was correct in sustaining appellant's objection to the introduction of this inadmissible evidence. However, this evidence was so highly prejudicial and inflammatory that the court's instruction to disregard was not sufficient to cure the error of its introduction and appellant's motion for mistrial should have been granted. *Allen v. State*, 513 S.W.2d 556, 557 (Tex.Crim.App.1974). I would sustain appellant's second point of error.

In his first point of error appellant contends the trial court erred in overruling his objection to the prosecutor's improper jury argument, at the punishment phase, which called for the jury to consider the existence of the victims of appellant in assessing punishment. Appellant claims that an argument asking the jury by their verdicts to send a message to the five witnesses called by the State at the punishment stage to testify to their opinions that appellant was not a peaceful and law-abiding person, each based on a signal encounter with the appellant on a jogging trail was not a legitimate plea for law enforcement, but a thinly disguised plea for the jury to punish appellant for extraneous offenses committed against these witnesses.

During the punishment phase of the trial, the prosecutor called five witnesses to testify against appellant. Four of these witnesses testified that they met appellant on specific dates and times while on the jogging trail at either Buffalo Bayou or White Oak Bayou and based on those "encounters" their opinions were that appellant was not a peaceful and law-abiding person. The other witness, Kathleen Phil-

lips, testified that she met appellant, on only one occasion, on September 29, 1988, at about 6:45 a.m. on the jogging trail at Buffalo Bayou and that appellant attacked her and she hit him in the face.

During final argument on punishment, the prosecutor referred to the testimony of these witnesses as follows:

Prosecutor: You know society punishes the victim beyond just what the offender does. Because somehow our society tells women somehow that it's you fault. You don't think that they don't care about the verdict you return?

How you feel about what happened to them will be reflected in your verdict. A lot of people are listening. You send a message to everyone with your verdict on this case. You send a message to these women. To Cynthia Baumann who meet this man on September 6, 1987, 2:00 p.m. in the afternoon.

Defense Counsel: Your Honor, I object to any reference or alluding to any extraneous offense in this argument, Your Honor.

The Court: Overruled, It's not an extraneous offense.

Prosecutor: Send a message to Nancy Shilder who met this man on October 1st, 1987, 11:15 in the morning.

Defense Counsel: Same objection, Your Honor.

The Court: Overruled.

Prosecutor: Send a message to Lindsay Wilson who met this man on July 22, 1988—

Defense Counsel: Objection, Your Honor.

Prosecutor: —9:30 in the morning. To Cathy Caballero, to Mary Crombie.

Defense Counsel: Your Honor, I object. Same objection.

The Court: Sustained—I mean overruled.

Prosecutor: To Allison Dickson, to Catherine Iturralde, Kathleen Phillips.

Defense Counsel: Your Honor, I object. Same objection.

The Court: Overruled.

Prosecutor: And everyone of us who would like to use that joging (sic) trail,

to the police officers who tried so desperately to catch this man. There are many more than I brought to you, you heard about them. (emphasis added).

It is well settled that to be within the permissible scope of jury argument, statements by counsel should fall within one of the areas of (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) a plea to law enforcement. *Brown v. State*, 692 S.W.2d 497, 502 (Tex. Crim.App.1985).

The argument by the prosecutor was neither invited by argument of appellant's counsel nor supported by the evidence. Thus, the issue here is whether the argument is a proper plea for law enforcement or an invitation to consider other victims of the appellant in assessing punishment.

At first blush, the argument appears to be a proper plea for law enforcement in light of the recent Court of Criminal Appeal's decision in *Borjan v. State*, 787 S.W.2d 53 (Tex.Crim.App.1990), holding that a prosecutor may argue the impact of the jury's verdict on the community as a proper plea for law enforcement. This can be deduced from the argument that victims are punished by society beyond what the offender does and that the victims care and listen to the jury's verdicts. However, a closer examination of the comments made during the argument coupled with the evidence presented at the guilt phase and the punishment hearing by the state, show the argument was intended as an invitation to the jury to consider the existence of other victims and to assess further punishment because of these victims.

At the punishment hearing the prosecutor presented five witnesses to testify of specific "encounters" with appellant while on the same jogging trails where the complainants testified to their "encounters" with appellant. Although all five of them did not testify that they were assaulted by appellant, at least one of them testified that appellant attacked her while on the trail. This evidence by the prosecutor clearly suggested that these five women

could have been victims of appellant's actions.

In the argument, the prosecutor used the plea for law enforcement as a predicate to establish the extraneous offenses alluded to in the punishment hearing. She started her argument by telling the jury that rape *victims* are punished by society. She then told the jurors that their verdict would reflect on the way they felt about these victims and that they could make their feelings heard by sending *a message to these victims* with their verdict. She then proceeded to name the five punishment witnesses as the recipients of their message clearly implying that these women were victims of appellant's encounter. Thus, this argument tells the jury to punish appellant with their verdict for the wrongs done to these victims, including the five punishment witnesses named in her argument.

Four of these witnesses testified as to appellant's character for being a peaceful and law-abiding person although none of them testified that they were familiar with appellant's reputation for the character traits testified to, a requirement to competency as a character witness under Rule 405 of the Texas Rules of Criminal Evidence. Their opinion was instead based on their "encounters" with appellant on specific dates and times. This further supports appellant assertion that the prosecutor's plan was to introduce extraneous offenses at the punishment hearing and argue to the jury that they should consider them in assessing punishment.

"The Court of Criminal Appeals has consistently held that it is improper for state's counsel to introduce extraneous offenses to the jury for consideration in assessing punishment. An accused is to be punished only for the accusations in the indictment of which he has been found guilty." *Lomas v. State*, 707 S.W.2d 566 (Tex.Crim. App.1986).

This argument by the prosecutor clearly suggested that these witnesses and many others were victims of appellant's actions, invited the jury to punish appellant for the punishment he inflicted on them by inviting the jury to reflect in their verdict how they felt about what happened to them, and was manifestly improper in that it injected new facts harmful to appellant into the proceeding. I would sustain appellant's first point of error.

I find that both of the errors were harmful. I am unable to find beyond a reasonable doubt that the State's improper argument or error in introducing the inadmissible evidence made no contribution to the punishment appellant received. TEX.R.APP. PROC. 81(b)(2). Appellant received the maximum term of years available for each of the offenses. I would reverse and remand the judgment of the trial court and order a new trial as to punishment only.