Lee v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-207-CR

Â Â Â Â Â RUSSELL LEE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 91-467-C
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â I disagree with the disposition of point one. I cannot find in the testimony quoted by the
majority evidence from which the prosecutor could draw an inference that Lee sold "crack
cocaine" on other occasions. The testimony shows that Lee is "street smart," i.e., that he knows
what a "twenty" is. It shows that he "removed from a baggie, a rock like substance" and delivered
it to the officer. It does not infer that he committed other offenses on other occasions.
Â Â Â Â Â Â Further, conceding for the sake of argument that the testimony does infer that he committed
other offenses, "[a] prosecutor is strictly prohibited from making references to extraneous offenses
for which the accused is not currently on trial." See Munoz v. State, 803 S.W.2d 755, 756 (Tex.
App.âHouston [14th Dist.]), pet. ref'd per curiam, 809 S.W.2d 501 (Tex. Crim. App. 1991)
(citing Melton v. State, 713 S.W.2d 107 (Tex. Crim. App. 1986)). "[I]t is error for the State to
make statements that would lead the jury to speculate on extraneous offenses or other matters that
are not in evidence." See Hamilton v. State, 818 S.W.2d 880, 882 (Tex. App.âHouston [14th
Dist.] 1991, no pet.) (citing Everett v. State, 707 S.W.2d 638 (Tex. Crim. App. 1986)).
Â Â Â Â Â Â Still further, bearing in mind that the objected-to argument occurred during the punishment
phase, the effect of approving the argument is to allow the State to do indirectly what we will not
allow them to do directlyâintroduce evidence of unadjudicated offenses during the punishment
phase. See Blackwell v. State, 818 S.W.2d 134, 141 (Tex. App.âWaco 1991, pet. filed).
Â Â Â Â Â Â For each of these reasons, I would hold that the court erred in overruling Lee's objection to
the argument.
Â Â Â Â Â Â I would, however, hold that, beyond a reasonable doubt, the error did not contribute to Lee's
punishment. See Tex. R. App. P. 81(b)(2). Therefore, I concur in the result reached by the
majority.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Opinion delivered and filed September 30, 1992
Do not publish



/b>



From the 220th District Court

Bosque County, Texas

Trial Court # 02-09-13,541
BCCR

Â 



MEMORANDUM 
Opinion



Â 

Â Â Â Â Â Â Â Â Â  A
jury convicted Richard Allen Lynch of injury to a child and sentenced him to
thirty-five yearsÂ imprisonment.Â  Lynch
contends in a single issue that the court abused its discretion by admitting the
testimony of his brother James regarding statements made by their mother Janie during
a conversation between Janie, James, and Lynch himself.Â  Because the statements were admissible as
adoptive admissions, we will affirm.

Â Â Â Â Â Â Â Â Â  Lynch
was convicted of injuring his three-month-old son.Â  His brother James was out of town when the
injuries were inflicted and the son was hospitalized in Temple.Â  When
James returned, he joined the family at a motel in Temple.Â  Janie
and Lynch asked James to step out on the balcony to talk with them about the
situation.

Â Â Â Â Â Â Â Â Â  Janie
told James that Lynch Âhad beaten the babyÂ and that they Âneeded to take
[Lynch] to a psych ward [because] he needed some help.ÂÂ  In response, Lynch told James that Âhe f---ed
up and started crying.ÂÂ  James testified
that they tried to have Lynch admitted at a psychiatric hospital in Killeen, but Lynch was denied admission after an
evaluation.

Â Â Â Â Â Â Â Â Â  Lynch
characterizes the conversation between Janie, James, and himself as containing
three distinct statements: (1) that he had ÂbeatenÂ his son, (2) that Janie
wanted to hospitalize him, and (3) that Janie Âwould try to get him some
help.ÂÂ  He contends that it is unclear
which, if any, of these statements he adopted by acquiescence.Â  He notes that he Âwas surely traumatized after
discovering the extent of the childÂs injuries, presumably not knowing what had
caused it.ÂÂ  He refers to the statements
he gave the police, in which he maintained that he had accidentally dropped his
son the day before he was hospitalized.Â 
Lynch contends that JanieÂs statement does not specify that he had directly
spoken with her about his sonÂs injuries.Â 
He suggests that his comment to James could be just as easily construed
as an expression of remorse for having accidentally dropped his son.

Â Â Â Â Â Â Â Â Â  Rule
of Evidence 801(e)(2) excludes from the hearsay rule certain statements made by
a party-opponent and offered against him at trial.Â  Included within this definition is Âa
statement of which the party has manifested an adoption or belief in its
truth.ÂÂ  Tex. R. Evid. 801(e)(2)(B).Â 
Such adoption can be manifested by actions, responses, or
acquiescence.Â  Legate v. State, 52 S.W.3d 797, 802 (Tex. App.ÂSan Antonio 2001, pet. refÂd); see also Paredes v. State, 129 S.W.3d 530,
533-35 (Tex. Crim. App. 2004) (manifestation by response); Alvarado v. State, 912 S.W.2d 199, 214-15 (Tex. Crim. App. 1995)
(manifestation by silent acquiescence).

Â Â Â Â Â Â Â Â Â  We
review a trial courtÂs ruling on the admissibility of evidence under an
abuse-of-discretion standard.Â  Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).Â  If the courtÂs ruling is correct under any
theory of law applicable to the case, we will uphold it.Â  Id.

Â Â Â Â Â Â Â Â Â  Janie
told James that Lynch Âhad beaten the baby.ÂÂ 
Lynch did not attempt to refute her statement.Â  Although Lynch is correct that his response
could be interpreted in more than one way, we cannot conclude that the court
abused its discretion by implicitly concluding that LynchÂs response
constituted an adoption by silent acquiescence of JanieÂs statement.Â  See
Alvarado, 912 S.W.2d at 214-15; Flores
v. State, 84 S.W.2d 675, 685 (Tex. App.ÂHouston [1st Dist.] 2002, pet. refÂd).

Â Â Â Â Â Â Â Â Â  Accordingly,
we overrule LynchÂs sole issue and affirm the judgment.

Â 

FELIPE REYNA

Justice

Â 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed December
 15, 2004

Do not publish

[CRPM]








Â