Opinion filed January 5, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed January 5, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00299-CR 

                                                     __________

 

                            ROLAND
RAMIREZ DELGADO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                        Dawson
County, Texas

 

                                                  Trial
Court Cause No. 04-6234

 



 

                                                                   O
P I N I O N

 

Roland Ramirez Delgado appeals his conviction by a
jury of the felony offense of driving and operating a motor vehicle in a public
place while intoxicated after having previously been convicted twice of unlawfully
driving or operating a motor vehicle in a public place while intoxicated.  The jury also found that appellant had used a
deadly weapon during the commission of the offense.  The jury assessed his punishment at a term of
life in the Texas Department of Criminal Justice, Institutional Division.  We affirm. 









Appellant presents two points of error.  First, he asserts that the trial court erred
in denying his motion to suppress an intoxilyzer result and a VHS tape of
appellant=s vehicle
stop and arrest.  Second, he contends
that the evidence is not legally or factually sufficient to support the jury=s finding that he used a deadly weapon
during the commission of the offense.  

At the pretrial motion to suppress, the State
stipulated that there was no arrest warrant for appellant.  The State offered a copy of the offense
report by Trooper Ronald Mann, the officer that stopped and arrested appellant,
to meet its burden of proof for a warrantless arrest.  The trial court overruled defense counsel=s hearsay objection and request for
Trooper Mann=s live
testimony and admitted the police report. 
The police report details that on December 4, 2003, as Trooper Mann was
leaving the Lamesa DPS office, he overheard a Lamesa Police Department radio
dispatch that contained information regarding a possible intoxicated driver
coming into Lamesa from Welch, Texas. 
The dispatch report was that the vehicle was swerving all over the
road.  The information described the
vehicle to be a light tan, four-door, older model vehicle with a specific
licence plate number.  As Trooper Mann
approached the location of the subject vehicle, he observed that a maroon Tahoe
was following the swerving vehicle. 
Trooper Mann knew Dana Bennett. 
Bennett was the driver of the maroon vehicle and was the person who
called the police.  Trooper Mann saw
Bennett point at the car in front of her. 
The vehicle to which she pointed was the four-door, older model, tan
vehicle that he had heard described on the police radio.  Trooper Mann followed the car and observed
the car swerve within its lane.  He
stopped the vehicle; appellant was the driver. 
The police report was not offered at the trial on the merits. 








After the trial court overrules a pretrial motion
to suppress evidence, the defendant need not object to that same evidence at trial to preserve error on appeal.  Dean v. State, 749 S.W.2d 80,
83 (Tex. Crim. App. 1988); Moraguez v. State, 701 S.W.2d 902, 904 (Tex.
Crim. App. 1986).  When a defendant,
however, affirmatively states during trial that there is Ano objection@
to the challenged evidence, error as to the admission of that evidence is
waived on appeal.  Dean, 749
S.W.2d at 83; Moraguez, 701 S.W.2d at 904; Gearing v. State, 685
S.W.2d 326, 329 (Tex. Crim. App. 1985), overruled on other grounds by Woods
v. State, 956 S.W.2d 33, 36-38 (Tex. Crim. App. 1997); McGrew v. State,
523 S.W.2d 679 (Tex. Crim. App. 1975); Boykin v. State, 504 S.W.2d 855,
857 (Tex. Crim. App. 1974).  The defense counsel at trial specifically
stated he had no objection to the admission of the videotape and the
intoxilyzer result and, thus, waived complaint of error in the motion to
suppress.  Appellant=s first point of error is
overruled.   

In his second point of error, appellant asserts
that there is legally and factually insufficient evidence to support the
finding that appellant used or intended to use his motor vehicle as a deadly
weapon.  In reviewing the legal
sufficiency of the evidence, an appellate court considers all of the evidence
in the record in the light most favorable to the trial court=s verdict and determines whether, based
upon that evidence and all reasonable inferences therefrom, any rational trier
of fact could have found that appellant was guilty beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307 (1979). In order to determine if the evidence is factually sufficient,
we must review all of the evidence in a neutral light and determine whether the
evidence supporting guilt is so weak that the verdict is clearly wrong and
manifestly unjust or whether the evidence contrary to the verdict is so strong
that the beyond-a-reasonable-doubt burden of proof could not have been
met.  Zuniga v. State, 144 S.W.3d
477 (Tex. Crim. App. 2004);  Ross v.
State, 133 S.W.3d 618 (Tex. Crim. App. 2004); Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002); Cain v. State, 958 S.W.2d 404
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.
1996).  

Tex. Penal
Code Ann. '
1.07(a)(17)(B) (Vernon Supp. 2005) defines deadly weapon as Aanything that in the manner of its use
or intended use is capable of causing death or serious bodily injury.@ 
An automobile can be a deadly weapon if it is driven so as to endanger
lives.  Tyra v. State, 897 S.W.2d
796 (Tex. Crim. App. 1995).  The evidence
must demonstrate that the deadly weapon was used or exhibited Aduring the transaction from which@ the felony conviction was
obtained.  Cates v. State, 102
S.W.3d 735, 738 (Tex. Crim. App. 2003). 
The evidence must support more than just a hypothetical for danger.  There must be evidence that others were
actually in danger.  Id.; Mann v.
State, 13 S.W.3d 89 (Tex. App.CAustin
2000), aff=d,
58 S.W.3d 132 (Tex. Crim. App. 2001).  In
this case, the evidence supports the finding that others were in danger at the
time appellant was operating the vehicle. 


Bennett testified that she was driving behind
appellant on her way back from picking up her two daughters and two other girls
from school.  She attempted to pass
appellant but stayed behind him after she saw appellant=s
car drift into the northbound lane. 
Bennett testified that, as she continued to follow appellant, his car
drifted into that lane of traffic two more times.  The third time, appellant caused an oncoming
vehicle to swerve away.  She called the
police immediately after seeing the vehicle swerve to avoid an accident with
appellant.








Trooper Mann testified that he heard the complaint
about appellant=s erratic
driving over the radio dispatch and headed to the location of the car.  Trooper Mann pulled behind appellant=s southbound vehicle when he saw
Bennett pointing to appellant=s
car in front of her.  Trooper Mann
stopped appellant after observing appellant=s
car swerving within his lane and identified the driver as appellant.  Trooper Mann immediately noticed that
appellant had a hard time standing without losing his balance, that appellant
struggled to find his identification, that he slurred his speech, and that he
smelled of alcohol.  Trooper Mann
administered sobriety tests to appellant which showed appellant to be
intoxicated and unable to follow the directions.  Trooper Mann finally gave appellant a
portable test which showed appellant had consumed alcohol.  

Once arrested and taken to jail, appellant
consented to take a breath test which showed his blood alcohol to be .212 and
.215, well over twice the legal limit of .08. 
During an inventory of the car, the officer found an unopened
twelve-pack of Keystone Light beer and Aa
yellow cup of liquid.@  Trooper Mann testified that he had extensive
experience with accidents involving intoxicated drivers and that the vehicle
was capable of causing death or serious bodily injury given the intoxicated
state of appellant.  

The stop occurred around 4:00 p.m. on a weekday
afternoon in front of a middle school just after school let out at 3:30
p.m.  The videotape of the stop showed
that the stop occurred in a school zone with numerous cars and school buses
driving both southbound and northbound on the street and that one child walked
through the area of the stop.  After
reviewing all the evidence, we find the evidence both legally and factually
sufficient to support the jury=s
finding that appellant used the vehicle in such a manner that it was capable of
causing death or serious bodily injury. 
Appellant=s second
point of error is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

January
5, 2006                                                                        

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and McCloud, S.J.[1]












[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.