

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00057-CR

MICHAEL TIMOTHY CAFFEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 19675

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

An Upshur County jury convicted Michael Timothy Caffey of the first-degree murder[1] of his father, and in accordance with the jury's assessment, the trial court sentenced him to life imprisonment.  On appeal, Caffey asserts that the trial court erred when it (1) denied his motion to suppress, (2) admitted testimony that was unfairly prejudicial, and (3) admitted testimony regarding the contents of an autopsy report by a forensic pathologist who did not prepare the report.  He also asserts that he is entitled to a new trial because of the cumulative harm of these errors.  We will affirm the trial court's judgment.

## I.      Caffey's Motion to Suppress

In his first issue, Caffey contends that the trial court abused its discretion when it denied his motion to suppress evidence of his blood-spattered shoes because law enforcement seized the shoes from him without a search warrant and, according to Caffey, in the absence of exigent circumstances.  Prior to trial, the trial court denied the motion to suppress after an evidentiary hearing.

Generally, to preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context.  TEX. R. APP. P. 33.1(a)(1)(A).  Further, the trial court must have "ruled on the request, objection, or motion, either expressly or implicitly," or the complaining party must have objected to the trial court's refusal to rule.  TEX. R. APP. P. 33.1(a)(2).  "Preservation of error is a systemic requirement on appeal.  If an issue has not been preserved for

---

[1]*See* TEX. PENAL CODE ANN. § 19.02(b)(2), (c) (Supp.).

2

appeal, neither the court of appeals nor [the Texas Court of Criminal Appeals] should address the merits of that issue. Ordinarily, a court of appeals should review preservation of error on its own motion." *Douglas v. State*, 489 S.W.3d 613, 628–29 (Tex. App.—Texarkana 2016, no pet.) (alteration in original) (quoting *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009)).

"An adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial." *Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013) (citing *Powers v. State*, 456 S.W.2d 97, 98–99 (Tex. Crim. App. 1970) (per curiam)). However, if a defendant "affirmatively indicate[s] that he has 'no objection' to the evidence that he challenged in his pretrial motion to suppress when it is later offered at trial," he may waive "the right to raise on appeal the error that was previously preserved." *Id.* at 881–82 (citing *Boykin v. State*, 504 S.W.2d 855, 857 (Tex. Crim. App. 1974)).

Nevertheless, the "'no objection' waiver rule" should be applied "with comparable flexibility," and any "forfeit[ure] [of] earlier-preserved error is context-dependent." *Id.* at 885. As the Texas Court of Criminal Appeals explained in *Thomas*,

> an appellate court should not focus exclusively on the statement itself, in isolation, but should consider it in the context of the entirety of the record. If the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his "no objection" statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal, then the appellate court should not regard the claim as "waived," but should resolve it on the merits. On the other hand, if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the "no objection" statement to be a waiver of the earlier-preserved error. Under the latter circumstances, the affirmative "no objection" statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood.

3

*Id.* at 885–86.  The record in this case supports a conclusion that Caffey waived his earlier preserved claim that the trial court erred in not suppressing the blood-spattered shoes.  At trial, Caffey affirmatively stated that he had "[n]o objections" to the admission of photographs of the shoes and other clothing worn by Caffey.  Later, when the shoes were offered into evidence, Caffey again affirmatively stated that he had "[n]o objection."  Further, Caffey affirmatively stated that he had "[n]o objections" to the admission into evidence of the DNA laboratory report that indicated that the DNA found in a blood sample taken from one of the shoes came from the victim.  Also, at trial, Caffey did not question the officer who seized the shoes about the seizure or about any constitutional irregularities in the seizure process.  Caffey also did not request a jury instruction under Article 38.23 of the Texas Code of Criminal Procedure, and none was given. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) ("In any case where the legal evidence raises an issue" that evidence was obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.").

Based on this record, we find that Caffey abandoned his claim of error that he had earlier preserved for appeal.  As a result, Caffey forfeited his complaint regarding the trial court's denial of his motion to suppress.  We overrule this issue.

## II.    Caffey's Rule-403 Complaint

Caffey complains in his second issue that the trial court erred when it admitted evidence that he claims was unfairly prejudicial.  In the argument section of Caffey's brief, he does not specify which witness's or witnesses' testimony he believes was unfairly prejudicial.  However, in the statement-of-facts section, he details portions of the testimony of Joan Caffey, the victim's widow, and of Krystal Stevens, which he characterizes as prejudicial.  We construe his complaint to encompass both of these witnesses.

Early in Joan's direct testimony, the following exchange occurred:

> Q.    [(By the State)]  When you were married -- as you were married to your husband, Tim, did the defendant, his son, Michael Caffey, live with you and your husband?
>
> A.    Yes, sir, off and on.
>
> Q.    Did you get a very good impression and understanding of the relationship that existed between your husband and his son, Michael Caffey?
>
> A.    Yes, sir.
>
> Q.    What type of relationship was it?
>
> A.    Very rocky.

At that point, Caffey asserted a Rule-403[2] objection, advised the trial court that he assumed that the witness "*and some other witnesses*" would testify to Caffey's and his father's very bad relationship, and argued that the testimony would be unfairly prejudicial.  The trial court overruled the objection.

---

[2]TEX. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.").

Caffey did not ask to voir dire Joan, identify the "other witnesses," or provide the trial court with any details regarding what testimony he anticipated Joan and the other witnesses would provide.[3]  He also did not obtain a running objection to any testimony regarding the relationship between Caffey and his father, and he did not assert any objections to that portion of Joan's testimony or to the portion of Stevens's testimony that he complains about on appeal.[4] The Texas Court of Criminal Appeals has explained that,

> [t]o preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection.  In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection.  An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.

*Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (alterations in original) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)).  Because Caffey did not provide the trial court with the details of the anticipated objectionable testimony of Joan and the other witnesses, did not obtain a running objection to Joan's and the other witnesses' testimony regarding the relationship between Caffey and his father, and did not assert repeated objections to Joan's testimony, and because he did not assert any objections to Stevens's testimony, he failed to preserve this complaint for our review.  We overrule Caffey's second issue.

## III.     Testimony Regarding the Autopsy Report

In his third issue, Caffey complains that a forensic pathologist who did not perform the victim's autopsy and did not prepare the autopsy report was allowed to testify about the contents

[3]As Caffey states in his brief, "In the instant case, there [was] no proffer of what the evidence was going to be, [and] no bill of exception as to what the testimony was going to be . . . ."

[4]On appeal, Caffey does not contend that Joan's testimony that Caffey and his father's relationship was very rocky was prejudicial.

6

of the autopsy report and its accompanying photographs. Caffey argues that allowing that testimony violated his right to confront witnesses against him under the Confrontation Clause. *See* U.S. CONST. amend. VI; *Crawford v. Washington*, 541 U.S. 36 (2004).

"Generally, in order to preserve error, there must be a timely and specific objection to the complained-of evidence." *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (citing TEX. R. APP. P. 33.1(a)(1)(A)). "Confrontation Clause claims are subject to this preservation requirement." *Id.* (citing *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009)). The record shows that the autopsy report and its accompanying photographs were admitted without objection and that the forensic pathologist testified regarding the contents of the autopsy report and the photographs without objection. As a result, Caffey did not preserve his complaint under the Confrontation Clause for our review. *See id.* We overrule Caffey's third issue.

## IV. Cumulative Harm

Caffey's fourth issue complains that the cumulative effect of the trial court's alleged errors described above caused him sufficient harm to justify the reversal of the trial court's judgment and remand for a new trial. To make a finding of cumulative harm from multiple errors, we must find that the trial court erred. *See Buntion v. State*, 482 S.W.3d 58, 79 (Tex. Crim. App. 2016) (finding "no cumulative harm" because the "appellant . . . failed to prove error concerning each of [his] claims separately"); *Uptergrove v. State*, 881 S.W.2d 529, 531 (Tex. App.—Texarkana 1994, pet. ref'd) ("claim of cumulative error must fail" if no error found). Because Caffey failed to preserve each of his claims of error separately, his claim of cumulative harm from these alleged errors must also fail. We overrule his fourth issue.

7

## V.      Disposition

For the reasons stated, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:      October 22, 2024
Date Decided:        October 24, 2024

Do Not Publish